IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO BRITO,

        Plaintiff,

    v.

ISRAEL JACQUEZ,

        Defendant.

Case No. 3:22-CV-00138-IM

OPINION AND ORDER

IMMERGUT, District Judge.

Plaintiff Antonio Brito ("Plaintiff"), appearing *pro se*, brings this action alleging that Defendant Israel Jacquez[1] ("Defendant") acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Plaintiff is an adult in custody ("AIC") at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan").

This matter comes before the Court on Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, filed on December 22, 2022. ECF 29. For the reasons discussed below, Defendant's Motion to Dismiss, ECF 29, is granted.

---

[1] Plaintiff filed his Amended Complaint on February 10, 2022, and named as defendant, DeWayne Hendrix, warden of FCI Sheridan. *See* ECF 8. On January 15, 2023, Israel Jacquez succeeded DeWayne Hendrix as warden of FCI Sheridan. *See* Reply 1 n.1, ECF 38. Pursuant to Fed. R. Civ. P. 25(d), Israel Jacquez is "automatically substituted as party."

**STANDARDS**

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A motion to dismiss brought pursuant Rule 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his or her claims. *Kokkonen*, 511 U.S. at 377. A motion to dismiss on mootness grounds is properly raised under Rule 12(b)(1) because mootness pertains to a federal court's subject matter jurisdiction under Article III. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("unlike a Rule 12(b)(6) motion, aRule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency"); *accord Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (district courts are to "construe liberally motion papers and pleadings filed by *pro se* [individuals in custody] and should avoid applying summary judgment rules strictly").

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

Plaintiff alleges that he has "been in lockdown . . . for over 18 months" at FCI Sheridan
and has received inadequate medical care regarding his hepatitis C, diabetes, eyesight, and dental
health. Am. Compl. 2, ECF 8. Plaintiff specifically alleges that, (1) his hepatitis C is "killing
[his] liver"; (2) his "diabetes is real high and still [medical staff] have nothing done for [him]";
(3) he has "ask[ed] . . . for an eye test" from medical staff because his "eyes are real bad" but got
no response; and (4) medical staff have "done nothing for [his] teeth or gums for the past three
years." *Id.* Plaintiff alleges that FCI Sheridan "has one doctor for over 1200 inmates" and that
"medical staff are not helping [him] with any medical issues" because "they are to [sic] busy".
*Id.*

Defendant construes plaintiff's Amended Complaint as challenging, at a minimum, "FCI
Sheridan's lockdown response to the COVID-19 pandemic[.]" Mot. 2. In his Response, ECF 37,
Plaintiff clarifies that he is not challenging FCI Sheridan's lockdown *per se*. *Id*. at 2 (noting
allegedly adverse conditions during "the Pandemic" and stating, "I'm not fighting them for not
helping back then[.]"). Rather, Plaintiff asserts claims regarding inadequate medical care
because, he alleges, FCI Sheridan is "still short staffed . . . [which] makes it difficult to see
medical" and "this is still the problem here at [FCI] Sheridan even though we are out of the
pandemic." *Id.* at 2.

Thus, the Court finds that Plaintiff does not seek injunctive relief regarding COVID-19
lockdown conditions at FCI Sheridan. Rather, Plaintiff seeks injunctive relief based on
Defendant's alleged and on-going failure to provide him adequate treatment at FCI Sheridan for
his alleged medical conditions.

**DISCUSSION**

Defendant argues that Plaintiff's claim for injunctive relief should be dismissed as moot because "Plaintiff's medical records show that he has been receiving adequate medical care" Mot. 7, and demonstrate that he has "'obtained the relief he seeks[.]'" *Id.* (quoting *Baker v. O.D.O.C.*, No. 2:17-CV-00272-MK, 2019 WL 4454503, at \*4 (D. Or. Sept. 17, 2019), *aff'd sub nom. Baker v. Oregon Dep't of Corr.*, 829 F. App'x 800 (9th Cir. 2020)).

Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to live cases and controversies." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citation omitted). The Supreme Court has interpreted this to require "that an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), *as revised* (Feb. 9, 2016). "[A] suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). In determining mootness, "[t]he basic question . . . is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 858, 862 (9th Cir. 2017). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald*, 577 U.S. at 161 (simplified). The party asserting mootness bears the burden to establish "that there remains no effective relief a court can provide." *Bayer*, 861 F.3d at 862 (citing *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)).

Regarding a claim for injunctive relief, the Ninth Circuit has explained that, "[a] request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer*, 861 F.3d at 864 (citation omitted). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

continuing, present adverse effects.'" *Id.* (citing *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Thus, "'a claim for injunctive relief becomes moot once subsequent events have made clear the conduct alleged as the basis for the requested relief 'could not reasonably be expected to recur.'" *Id.* (citing *Ruiz v. City of Santa Maria,* 160 F.3d 543, 548 (9th Cir. 1998) (quoting *Chinese for Affirmative Action v. Leguennec*, 580 F.2d 1006, 1009 (9th Cir. 1978)).

Here, Plaintiff's claims alleging inadequate medical care are moot because there is no evidence that Plaintiff suffers from medical conditions that FCI Sheridan has failed to address. Plaintiff alleges that he received inadequate medical care regarding his hepatitis C, diabetes, eyesight, and dental needs, but the medical director at FCI Sheridan, Dr. Andrew Grasley, attests in four separate declarations that he and other medical staff have provided Plaintiff with clinical visits, examinations, testing protocols, and medication to treat his medical conditions at FCI Sheridan.[2] On October 18, 2021, for example, Dr. Grasley "[d]iscussed hepatitis C treatment and side effects" with Plaintiff during a regularly scheduled chronic care appointment and approved Plaintiff for treatment. Grasley Decl. 1 ¶ 6. During that visit, Dr. Grasley prescribed Mavyret to treat his hepatitis C, and Plaintiff completed his eight-week course of that medication in December 2021. Grasley Decl. 2 ¶ 8. In March 2022, Plaintiff's "viral load was drawn" and "found to be negative, meaning that Hepatitis C was no longer in his system." *Id.*; *see also, id.* at Att. A. at 1 (consisting of Plaintiff's medical record of October 12, 2022, noting that Plaintiff

---

[2] *See* Grasley Decl., ECF 20 ("Grasley Decl. 1") (regarding Plaintiff's medical care between October 2021 and August 2022); Grasley Decl., ECF 24 ("Grasley Decl. 2") (regarding Plaintiff's medical care between August 2022 and October 2022); Grasley Decl., ECF 26 ("Grasley Decl. 3") (regarding Plaintiff's medical care between October 2022 and November 2022); Grasley Decl., ECF 33 ("Grasley Decl. 4") (regarding Plaintiff's actual and anticipated medical care between October 2021 and January 2023).

"completed his hepatitis C treatment in December" and "VL in March was negative"). Plaintiff does not dispute this evidence and, in fact, he concedes that FCI Sheridan medical staff "did finally give [him] the treatment [he] needed for HEP-C." Resp. 2. Although Plaintiff complains that his "hep-C . . . is killing [his] liver", he cites no evidence that he currently suffers from hepatitis C, let alone that he needs medical treatment for that condition.

There is also no evidence that Plaintiff needs medical treatment for diabetes. Plaintiff alleges that his "diabetes is real high and still nothing [has been] done for [him]", Am. Compl. 2, but the evidence demonstrates that Plaintiff has never received an "official diagnosis of diabetes." Grasley Decl. 4 ¶ 6. Dr. Grasley explains that he ordered lab tests for Plaintiff related to diabetes on October 11, 2022, based on previous testing that showed "a slight increase for risk of diabetes", but the results of the labs drawn in October did not support an "official diagnosis of diabetes." *Id.* Rather, the lab results put Plaintiff "in the prediabetes range." *Id.* Again, Plaintiff does not dispute this evidence, and he does not explain what medical care he currently needs regarding his current diabetic condition.

Regarding Plaintiff's alleged need for "an eye test so [he] could get glasses", Am. Compl. 2, Dr. Grasley attests that medical staff conducted an optometry exam on June 16, 2022, and "it was determined that Plaintiff needed new glasses." Grasley Decl. 1 ¶ 5. On October 11, 2022, Plaintiff signed a form acknowledging "receipt of one pair of prescription eyeglasses". Grasley Decl. 2, Att. B at 1. Again, Plaintiff does not dispute this evidence, and does not allege that he needs further medical care regarding his eyesight.

Plaintiff further alleges that FCI medical staff have done "nothing for [his] teeth or gums," but there is no evidence that Plaintiff has sought dental care or that he has been diagnosed with any condition related to his teeth or gums that would require medical attention. In

his response to Defendant's motion, Plaintiff broadly alleges that "[g]etting medical attention here is still very difficult", Resp. 3, but he fails to identify any basis for injunctive relief regarding his dental care or any medical condition.

In sum, the record shows that Plaintiff suffers no present medical conditions for which he needs or has been denied care. Put differently, Defendant has carried his "heavy burden of establishing that there remains no effective relief [this] [C]ourt can provide" regarding Plaintiff's alleged medical conditions. *Bayer*, 861 F.3d at 862. There is also no evidence that Plaintiff "is reasonably likely to be subjected once against to the conduct alleged as the basis for his claim." *Id.* at 865. Because there is no "'present controversy as to which effective relief can be granted,'" *id.* at 862 (citation omitted), Plaintiff's claims seeking injunctive relief are therefore moot and must be dismissed for lack of jurisdiction. *See California Grocers Ass'n v. City of Santa Ana*, No. SACV2100705DOCJDEX, 2021 WL 4439092, at *2 (C.D. Cal. June 30, 2021) (finding the plaintiff's claims for injunctive relief moot and, "consequently, must be dismissed for lack of jurisdiction").

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss, ECF 29, and DISMISSES this case with prejudice based on lack of jurisdiction.

**IT IS SO ORDERED.**

DATED this 8th day of May, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge